(No. 768—Claimant awarded $3000.00.)

MARY L. MARTIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1924.*

RESPONDENT SUPERIOR—*when State not liable.* The State is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*when award may be made.* While no legal liability exists against the State for injuries sustained by its employees while in the performance of their duty, but under the peculiar circumstances of the case, the court may enter an award in favor of claimant as an act of social justice and equity.

JOHN J. REEVE, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant, Mary L. Martin, files her declaration herein setting forth that she was, on the 19th day of September, 1922, employed as a teacher in the State School for the Deaf at Jacksonville, Illinois; that she had been an employee of said State School for the Deaf for the term of approximately thirty-five years, as a teacher; that in the month of September, 1922, while in the discharge of her duties as such teacher, she slipped and fell on the floor of the school room, which floor had been recently oiled; the result of such fall being the breaking of the right hip; that her salary amounted to the sum of $2000.00 per year.

Claimant further states that she was treated for said injury by Dr. F. A. Norris and Dr. Edward Bowe; that on account of and by reason of said accident her general health was broken down and she has never been able, and never will be able, to return to her former duties.

The Attorney General of Illinois has filed a demurrer to said declaration, which, as a matter of law, will be sustained. The Attorney General also files a statement setting forth that the claimant's statements are borne out by the depositions filed herein. The Attorney General, in his statement, says that if the court in its discretion should decide that this is a proper case in which to allow an award because of equity and social justice, then in that event the Attorney General suggests that the facts are so clearly disclosed by the record herein that the court can readily apply thereto the provisions

of the Workmen's Compensation Act and make an award in accordance therewith.

The evidence shows that said claimant, Mary L. Martin, is 62 years of age; that she was an employee of the State of Illinois as a teacher in the School for the Deaf for 44 years and five months prior to her injury and that at the time of the injury she was receiving the sum of $2000.00 as her annual salary; that she received surgical treatment from Dr. Frank A. Norris, medical treatment from Dr. Edward Bowe and osteopathic treatments from Dr. J. A. Strother; that the physicians' and hospital bills amounted to the sum of $1,028.00; that the injury to claimant had left her quite lame and that she could walk very little without support and tired quickly; that she has not been able to return to her former occupation and perhaps never will be.

It has been repeatedly held by this court that the doctrine of *respondeat superior* does not apply to the State and the State is not liable for injuries sustained by its employees while in the discharge of their duties. Still the State of Illinois in this case recognizes the valuable and long service rendered to it by this claimant; that she has given the best years of her life to the services of the State; that she has paid out a large sum of money for medical and hospital service and has lost one year salary.

The court believes that this is a case of great merit, and in equity and good conscience, and in the interest of social welfare and justice, it is the opinion of the court that the claimant be and she is therefore awarded the sum of $3,000.00.